# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60587
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2014

Lyle W. Cayce
Clerk

JAIME MANUEL QUAN-BARRERA,

Petitioner,

versus

ERIC H. HOLDER, JR., United States Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 077  451  376

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jaime Quan-Barrera, an illegal alien and a native and citizen of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60587

Guatemala, applied for withholding of removal under the Immigration and Nationality Act ("INA") and protection under the Convention Against Torture ("CAT"). The immigration judge ("IJ") made an adverse credibility finding and determined that Quan-Barrera had failed to satisfy his burden of proof for relief under the INA or the CAT. The IJ's decision was upheld by the Board of Immigration Appeals ("BIA") when it dismissed Quan-Barrera's appeal.

Quan-Barrera claims that the adverse credibility determination was erroneous. We review questions of law *de novo* and factual findings for substantial evidence. *Lopez-Gomez v. Aschroft*, 263 F.3d 442, 444 (5th Cir. 2001). Under the substantial-evidence standard, reversal is improper unless the evidence compels a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

In making a credibility determination, the IJ may consider, *inter alia*, "the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements [and] any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C). We must defer to the IJ's credibility determination "unless it is plain that no reasonable factfinder could make" such a ruling. *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted).

The IJ noted inconsistencies between Quan-Barrera's testimony in 2000 and his testimony in 2012. In 2000, he testified that in December 1998 and January and February 1999, ex-guerillas robbed him and the passengers on the bus he was driving. In 2012, he testified that in October 1998 he witnessed three police officers kidnap a passenger on the bus he was driving and that they beat and threatened him. Quan-Barrera fails to show, as he must to

2

No. 13-60587

prevail on review, that no reasonable factfinder could reach the same conclusion regarding his credibility.  *See Wang*, 569 F.3d at 538.

In light of the foregoing, this court need not consider the merits of Quan-Barrera's CAT claim.  *See Chun,* 40 F.3d at 79.  Furthermore, he has abandoned his claim for withholding of removal under the INA by failing to brief it. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The petition for review is DENIED.